```
              UNITED STATES DISTRICT COURT
                       FOR THE
                  DISTRICT OF VERMONT
```

ERNEST SIMURO and ERNEST SIMURO    :
On behalf of K.S., a minor,        :
            Plaintiffs,            :
                                   :
        v.                         :    Case No. 2:13-CV-00030
                                   :
LINDA SHEDD,                       :
ERIN KEEFE,                        :
TOWN OF WINDSOR,                   :
DOES 1 through X,                  :
            Defendants.            :

## Memorandum Opinion and Order

Plaintiffs Ernest Simuro and Simuro on behalf of K.S., a minor, bring this case against Defendants Erin Keefe, a former Department Children and Families ("DCF") social worker, Linda Shedd, a former sergeant with the Windsor Police Department, Does I through X, and the Town of Windsor.  Plaintiffs assert that the Defendants' investigation, arrest, and prosecution of Simuro based on allegedly false reports that Simuro sexually abused his grandson and ward, K.S., as well as DCF's seizure of K.S., violated their rights under the Fourth and Fourteenth Amendments.  Before the Court is Plaintiffs' motion to amend their Complaint.  Shedd and Keefe oppose the motion insofar as it adds Shedd to Count V and Keefe to Counts I, VII, and VIII.  Because the Court finds that these amendments would not be futile at this early stage, Plaintiffs' motion to amend is GRANTED.  The unopposed proposed amendments are GRANTED as well.

1

**Background**

K.S., Simuro's grandson, was born in 2003 and has remained almost exclusively in Simuro's care since his birth.  Compl. ¶ 12, ECF No. 1.  Sometime during or around 2009, Debra Pitts, Simuro's daughter and K.S.'s mother, recorded a video of K.S. in which K.S. answered affirmatively to his mother's question regarding whether Simuro had sexually abused him.  ¶ 18.  A year later, Pitts showed the video to Keefe, a DCF social worker.  ¶ 20.  Keefe visited Simuro's home, but although she could not confirm or refute Pitts's claims, she wrote in her report to DCF that K.S. had made a specific disclosure indicating sexual abuse.  ¶¶ 21-22.  Keefe then contacted Shedd, a police sergeant, and the two of them interviewed K.S. and Simuro.  ¶¶ 23, 25-38.  At the end of her interview with Simuro, Shedd arrested Simuro and booked him for sexual assault and lewd conduct with a child.  ¶ 39.

The next day, Shedd provided an affidavit in support of Simuro's prosecution, in which she claimed that K.S. had clearly indicated he had been sexually abused.  ¶ 40.  Four days later, Shedd's affidavit was attached, along with an affidavit written by Keefe, to a CHINS[1] petition, which resulted in DCF taking custody of K.S.  ¶¶ 44-45.  In the summer of 2011, the criminal

---

[1] "CHINS" stands for a "child in need of care or supervision." Vt. Stat. Ann. tit. 33 § 5102(3) (2013).

charges were dismissed and a DCF review found that both the video and the two interviews were insufficient to indicate K.S. had been abused.  ¶¶ 58-59.  Simuro was allowed to see K.S. in February 2012, and he adopted K.S. in July 2012.  ¶¶ 61-63.

## Discussion

Plaintiffs have moved to amend their complaint.  In general, courts should freely give leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962).  "The Second Circuit has held that a motion to amend should be denied 'only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.'" *Balentine v. Tremblay*, No. 5:11-CV-196, 2012 WL 1999859, at *3 (D. Vt. June 4, 2012) (quoting *Richardson Greenshields Secs., Inc. v. Lau,* 825 F.2d 647, 653 n.6 (2d Cir. 1987)).  "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).  As with a Rule 12(b)(6) motion, the Court accepts all factual allegations as true and draws all reasonable inferences in favor of Plaintiffs.  *See Askins v. Doe*, 727 F.3d 248, 252-53 (2d Cir. 2013).

**I.  Shedd**

Plaintiffs seek to add Shedd to Count V, regarding the seizure of K.S.  Shedd argues that this would be futile because she did not have the authority to seize K.S., and therefore she was not personally involved in DCF's seizure of K.S.  An official must be "personally involved" in the constitutional violation to be liable under Section 1983.  *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).  However, this does not make the amendment futile because Plaintiffs have plausibly pled facts indicating that it was reasonably foreseeable that K.S. would be put in DCF custody as a result of Shedd's affidavit.  *See Kerman v. City of New York*, 374 F.3d 93, 127 (2d Cir. 2004) ("The fact that the intervening third party may exercise independent judgment in determining whether to follow a course of action recommended by the defendant does not make acceptance of the recommendation unforeseeable or relieve the defendant of responsibility."); *Warner v. Orange Cnty. Dep't of Prob.*, 115 F.3d 1068, 1071 ("[A]n actor may be held liable for those consequences attributable to reasonably foreseeable intervening forces, including the acts of third parties.") (internal citation and quotation marks omitted).  It is reasonably foreseeable that a social worker would seek to remove a child from his guardian's care after learning that the police officer, with whom she was closely working, had arrested the guardian and submitted an affidavit supporting his prosecution for sexually

4

assaulting the child.  Thus, amending Count V would not be futile.

## II.  Keefe

Plaintiffs also seek to add Keefe to Counts I, VII, and VIII, regarding Simuro's arrest and prosecution, which Keefe opposes on the same grounds that Shedd opposes her inclusion in Count V.  As with Shedd, Plaintiffs have pled sufficient facts, which if true, make it plausible that Simuro's arrest and prosecution were reasonably foreseeable due to Keefe's conduct.  Plaintiffs allege that Keefe told Shedd in their initial conversation that K.S. had made a disclosure that he had been sexually abused by Simuro.  Further, Keefe had the initial interview with K.S. and was present for Shedd's interviews with K.S. and Simuro.  It is reasonable to infer that Keefe's characterization of K.S.'s statements in the video colored Shedd's initial understanding of the situation, and that her involvement with the interviews contributed to Shedd's decision to arrest Simuro and submit an affidavit in support of his prosecution for the sexual abuse of K.S.  Because it was reasonably foreseeable that Shedd would be arrested and prosecuted for sexually abusing K.S. based on Keefe's actions, Plaintiffs have met their burden to show that amending these counts would not be futile at this early stage.

**Conclusion**

For the reasons stated above, Plaintiffs' motion to amend is GRANTED in full.

DATED at Burlington, in the District of Vermont, this 15th day of April, 2014.

/s/ William K. Sessions III
William K. Sessions III
United States District Judge
